Linda Deos (SBN: 179170)
Deos Law, PC
770 L Street, Suite 950
Sacramento, CA 95814
(916) 442-4442
(916) 583-7693 (Fax)
Deoslawyer@gmail.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMOYA BREWSTER, individually, and on behalf of the general public,<br><br>　　　　　Plaintiff.<br><br>vs.<br><br>ON-SITE MANAGER, INC.,<br><br>　　　　　Defendant. | Case No.<br><br>COMPLAINT FOR DAMAGES<br><br><br>DEMAND FOR JURY TRIAL |

**PRELIMINARY STATEMENT**

1.    This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.*, as amended (hereinafter "FCRA").

**JURISDICTION AND VENUE**

2.    Jurisdiction of this Court arises under 15 U.S.C. Section 1681(p) and 28 U.S.C. § 1331.  Venue lies in the Eastern District of California as Plaintiff's claims arose from acts of the Defendant perpetuated therein.

**PARTIES**

3.    Plaintiff, Tamoya Brewster (hereinafter "Ms. Brewster"), is an adult individual residing in Rancho Cordova, California.

4.     Defendant, On-Site Manager, Inc. (hereinafter "On-Site") is a consumer reporting agency which regularly does business in the Eastern District of California and which has a principal place of business located at 307 Orchard City Drive, Suite 110, Campbell, California 95008.

5.     On-Site is engaged in the business of preparing and issuing consumer reports for landlords, managing agents, and other customers of its products, with the intent that those reports be used by its customers in making residential renting decisions.

## FACTUAL ALLEGATIONS

6.     On or about January 2, 2015, Ms. Brewster submitted an application to rent an apartment from Zinfandel Ranch in Rancho Cordova, California.

7.     In connection with that application On-Site prepared a multi-data base consumer report (hereinafter "Report") about Ms. Brewster and provided it to Zinfandel Ranch.

8.     At the top of the Report, the following statement appears:

> This report does not guarantee the accuracy or truthfulness of the information as to the subject of the investigation, **but only that it is accurately copied from public records**…" (emphasis added)

9.     The Report included information about Ms. Brewster from the OFAC SDN/Terrorist Watchlist, Landlord Tenant Court Records, and Experian.

10.    The Report stated that no records were found pertaining to Ms. Brewster from the the OFAC SDN/Terrorist Watchlist.

11.    Under the heading "Landlord Tenant Court Records", the Report claimed that Ms. Brewster had been a "Defendant" in a case brought by Greystar Management as "Plaintiff" and another case brought by Camelot North Apartments as "Plaintiff."

12.    The Report further stated that the "case type" was **"FORCIBLE ENTRY/DETAINER"** and that a judgment was entered "for Plaintiff" on December 23, 2011.

2

13. Such statement is false, deceptive, and misleading because Ms. Brewster voluntarily vacated both of the apartments listed in the Report in compliance with the agreements she made with her landlords and she was not forcibly evicted.

14. Although the consumer report has a space for "comments", this section was left blank.

15. Shortly thereafter, Ms. Brewster received a "NOTICE OF ADVERSE ACTION" from Zinfandel Ranch advising her that her application for the apartment was rejected based upon information contained in a report prepared by On-Site.

16. The notice was prepared from a template created for its customers by On-Site.

17. The notice stated,

"We also evaluated your application with a proprietary credit score, called a "rental score," and used it in making our decision. The score was calculated by taking information found in your consumer report and applying it to our leasing criteria….

Your rental score: 1
Scores range from a low of 0 to a high of 10

18. The "rental score" is a mechanism created by the defendant and provided to its landlord subscribers.

19. Every adverse action notice created by On-Site for use by its customers includes a "rental score" of 1 on a scale of 1 to 10 where the applicant was previously named in a court proceeding, regardless of its nature or outcome.

20. The notice further stated, "Your report includes a landlord tenant court record or you owe money to a previous landlord."

21. Such statement is false, deceptive, and misleading because Ms. Brewster did not owe money to a previous landlord.

22. The notice further stated that the defendant "played no part in our decision and is unable to supply specific reasons why we have denied credit to you."

3

23. Such statement is false, deceptive, and misleading because On-Site's business model automatically recommends to its customers that they reject any applicant who was named in a previous court proceeding, regardless of its outcome or nature.

24. On-Site chose not to discover any of these facts about either of the cases before preparing and issuing a consumer report about her.

25. On-Site does not obtain any information directly from Sacramento County Superior Court about the cases it includes in consumer reports. Instead, On-Site purchases highly synthesized electronic data, in bulk form, from one or more other data companies.

26. Despite having no direct contact with Sacramento County Superior Court, On-Site prominently claims, in its consumer reports, that the information contained in them "**is accurately copied from public records**…" (emphasis added)

27. As a result of On-Site's failure to view actual court files, or take any steps to learn the actual nature and disposition of the Sacramento County Superior Court cases it includes in its consumer reports prepared for landlords, those reports are incomplete, inaccurate, and misleading in material respects, all in violation of the FCRA.

28. As a result of On-Site's conduct, Ms. Brewster has suffered actual damages in the form of lost rental opportunity, harm to reputation, emotional distress, humiliation, and embarassment.

29. At all times pertinent hereto, On-Site was acting by and through its agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of On-Site herein.

30. At all times pertinent hereto, the conduct of On-Site, as well as that of their agents, servants, and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for the FCRA and the rights of Ms. Brewster herein.

## FIRST CLAIM FOR RELIEF
**(Violation of the FCRA (15 U.S.C. §1681 et seq) Against On-Site)**

31. Ms. Brewster re-alleges and incorporates herein by reference the allegations of the preceding paragraphs as though set forth fully in this claim for relief.

32. At all times pertinent hereto, On-Site was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

33. At all times pertinent hereto, Ms. Brewster was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

34. At all times pertinent hereto, the above-mentioned reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

35. 15 USC §1681e(b) provides, in pertinent part:

> Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

36. On-Site prepared a consumer report about Ms. Brewster and provided the report to her prospective landlord in connection with her application to rent residential housing.

37. The report contained false, deceptive, misleading and/or incomplete information about Ms. Brewster, as follows:

    a. The report falsely implies that Ms. Brewster's former landlords sued her for engaging in illegal, aggressive and/or violent conduct;

    b. The report falsely stated that the information about Ms. Brewster was "accurately copied from public records" when in fact it was copied from information supplied by a private third party and On-Site never reviewed any public records before issuing the report;

    c. The report falsely implies that Ms. Brewster was actually evicted from two apartments by her previous landlords; and

      d.      The report fails to state that Ms. Brewster complied with her obligations in the proceedings and vacated her respective apartments without the need for her landlords to have her evicted;

38.      As previously set forth herein, when preparing consumer reports, including that of Ms. Brewster's, On-Site has lacked, and today continues to lack, any reasonable procedures to assure the maximum possible accuracy of the information concerning the individuals about whom the reports relate.

39.      Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, On-Site is liable to Ms. Brewster for willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Ms. Brewster's consumer report, information and file, in violation of 15 U.S.C. § 1681e(b).

40.      The conduct of On-Site was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages, and harm to Ms. Brewster that are outlined more fully above and, as a result, On-Site is liable to Ms. Brewster for the full amount of statutory, actual, and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE Ms. Brewster prays for relief as set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, Ms. Brewster seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

1.      Actual damages;

2.      Statutory damages;

3.      Punitive damages;

4.      Injunctive relief including as set forth above;

5. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and

6. Such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY IS DEMANDED.**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: 3-13-15                                DEOS LAW, PC

s/*Linda Deos*
LINDA DEOS
Attorney for Plaintiff, Tamoya Brewster