UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMOYA BREWSTER, | No. 2:15-cv-0568-JAM-KJN |
| Plaintiff, | |
| v. | ORDER |
| ON-SITE MANAGER, INC., | |
| Defendant. | |

Presently before the court is plaintiff's motion to compel defendant to provide initial disclosures and to pay plaintiff's counsel's fees associated with filing the motion to compel.[1] (ECF No. 9.) The court heard this matter on its October 29, 2015 law and motion calendar. Attorney Linda Deos appeared on plaintiff's behalf. Attorney Colby Peterson appeared on behalf of defendant. The undersigned has fully considered the parties' briefs, oral arguments, and appropriate portions of the record. For the reasons that follow, the undersigned grants plaintiff's motion in full.

////

////

////

---

[1] This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(1) and 28 U.S.C. § 636(b) (1).

1

I.     Background

The relevant events precipitating the parties' discovery dispute occurred as follows. On March 13, 2015, plaintiff filed her complaint, and defendant filed its answer on April 7, 2015. (ECF Nos. 1, 5.) Counsel for the parties engaged in their Rule 26(f) conference on May 6, 2015. (October 8, 2015 Declaration of Linda Deos ("Deos Decl. I"), ECF No. 9-2 at ¶ 2.) On May 15, 2015, the parties filed their Joint Scheduling Report wherein they stipulated to produce their initial disclosures within 21 days of that date. (Id.) Plaintiff served her initial disclosures on June 8, 2015. (Id.) Defendant did not timely provide any initial disclosures.

On July 31, 2015, plaintiff's counsel emailed defendant's counsel regarding defendant's lack of initial responses, but received no response. (Id. at ¶ 3.) Plaintiff's counsel emailed defendant's counsel again on August 25, 2015 regarding the same subject, but defendant's counsel again failed to respond. (Id.) Defendant's counsel claimed that, following plaintiff's counsel's August 25, 2015 email, defendant served its initial disclosures on September 1, 2015 by U.S. mail to plaintiff's counsel's stated address. (Declaration of Michael J. Saltz ("Saltz Decl."), ECF No. 10-1 at ¶ 2.) Defendant's counsel also attached a copy of defendant's initial disclosures to his October 15, 2015 declaration in support of defendant's opposition to plaintiff's motion to compel. (Id., Exhibit 1.) Plaintiff's counsel claimed that she never received defendant's initial disclosures until she was served with defendant's October 15, 2015 opposition despite twice searching her office to see if she had received them. (October 22, 2015 Declaration of Linda Deos, ECF No. 11-1 at ¶ 2.)

During the hearing on the matter, defendant's counsel confirmed that his firm did not contact plaintiff's counsel to inform her of the September 1, 2015 mailing, and had never otherwise responded to plaintiff's counsel or attempted to make contact with her regarding defendant's initial disclosures.

II.    Discussion

Plaintiff requests an order compelling defendant to provide its initial disclosures and pay $1,350.00 in costs and fees associated with plaintiff having to file the motion to compel. (ECF No. 9.)

2

Defendant's counsel took no action with regard to providing plaintiff's counsel with initial disclosures other than sending a copy of them through the mail almost three months after they were due. Furthermore, during the hearing, defendant's counsel was unable to provide an adequate explanation for why no follow up efforts were made after defendant's initial disclosures were belatedly mailed to inform plaintiff's counsel that they had been sent. The undisputed timeline of events leading up to plaintiff's filing her motion confirms that defendant's counsel has had a long span of time in which to provide the initial disclosures in question and that plaintiff's counsel has been reasonably diligent in attempting to resolve this dispute. Accordingly, plaintiff's motion is granted in full.

Plaintiff has requested sanctions in the form of attorney's fees associated with bringing her motion, and given the foregoing, such sanctions are appropriate here. (Deos Decl. ¶ 5.) Accordingly, defendant's counsel shall pay plaintiff's counsel's fees and costs in the sum of $1,350.00. See Fed. R. Civ. P. 37(a)(5)(A) (absent circumstances not applicable here, if the court grants a motion to compel initial disclosures, "the court must, after giving an opportunity to be heard, require . . . the party or attorney advising that [contested discovery] conduct . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees").

III.    Conclusion

Accordingly, for all the foregoing reasons and for those stated on the record during the hearing, IT IS HEREBY ORDERED that:

1. Within (14) fourteen days of issuance of this order, defendant shall serve its complete initial disclosures on plaintiff.

2. Within (14) fourteen days of issuance of this order, defendant's counsel, the law firm of Jacobson Russell Saltz & Fingerman LLP, shall serve plaintiff's law firm with a check for $1,350.00 made payable to Deos Law, PC, 770 L Street, Suite 950, Sacramento, CA 95814. The memo line of the check shall read: "Brewster v. On-Site Manager, Inc. (2:15-cv-0568-JAM-KJN)" and shall reference this order by its electronic docket number. The award shall not be paid by defendant itself and defendant's counsel shall not bill defendant for any portion of the $1,350.00. Plaintiff's counsel may notify the court if this check is not timely received.

3.	After making the above-directed payment, defendant's counsel shall immediately file a notice in this action stating that payment was made.

4.	Any failure(s) by defendant or defendant's counsel to timely obey this order in any respect shall be grounds for the imposition of additional sanctions against defendant and/or defendant's counsel, including monetary sanctions or other evidentiary sanctions.  Failure(s) to timely comply with this order may also result in the undersigned ordering any of the sanctions listed in Federal Rule of Civil Procedure 37(b)(2), or other sanctions that may be "just."

IT IS SO ORDERED.

Dated:  October 30, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE